

**ORDERED in the Southern District of Florida on November 13, 2025.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

In re:                                                  Case No. 25-22212-BKC-RAM

VIVIAN HERNANDEZ,                                       Chapter 7

      Debtor.
_____/

### ORDER GRANTING CONSOLIDATED
### REAL ESTATE INVESTMENTS' EXPEDITED
### MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY IS
### INAPPLICABLE OR, ALTERNATIVELY, FOR RELIEF FROM AUTOMATIC STAY
### TO CONTINUE MOBILE HOME PARK EVICTION UNDER CLOSURE (Dkt. No. 11)

On November 13, 2025 at 10:00 a.m., the Bankruptcy Court conducted a hearing on the expedited motion filed by Consolidated Real Estate Investments ("Movant") for a determination that the automatic stay is inapplicable to Movant's post-judgment residential eviction proceedings against the Debtor and Debtor's property, as Movant prepetition obtained a judgment of possession

1

and writ of possession or, alternatively, for relief from the automatic stay so that Movant's post-judgment eviction proceedings and clearing/removal process may proceed in their entirety (the "Motion") (Dkt. No. 11).

The Court has reviewed the Motion and has considered the presentation of counsel at the hearing. The Court is otherwise duly advised of the premises, including that multiple Bankruptcy Courts in this District have recently issued comparable orders in the same situation of four other former mobile home park tenant debtors within the same mobile home park determining that the automatic stay does not apply to Movant's post-judgment eviction proceedings and clearing/removal process. *See* Order docketed on October 6, 2025 by Hon. Scott Grossman in *In re Cesar Montenegro*, Case No. 25-20942-BKC-SMG (Dkt. No. 20); Order docketed on October 9, 2025 by Hon. Robert Mark in *In re Jesus Vega*, Case No. 25-21257-BKC-RAM (Dkt. No. 16); Order docketed on October 9, 2025 by Hon. Robert Mark in *In re Maria V. Fajardo*, Case No. 25-21261-BKC-RAM (Dkt. No. 15); and Order docketed on October 14, 2025 by Hon. Corali Lopez-Castro in *In re Cesar Augusto Silva Ventura*, Case No. 25-20938-BKC-CLC (Dkt. No. 20) (collectively, the "Orders").

For the reasons stated on the record, which are incorporated here by reference, including but not limited to, that Debtor's counsel stated it had no opposition to the Motion, the Court finds that the automatic stay (including but not limited to 11 U.S.C § 362(a)(3)) is inapplicable to Movant's post-judgment eviction proceedings and clearing/removal process under 11 U.S.C. § 362(b)(22) and, alternatively, there is good cause shown under 11 U.S.C. § 362(d) for Movant to be granted stay relief to complete its post-judgment eviction proceedings and clearing/removal process in their entirety as to the Debtor and the Debtor's property at Movant's mobile home park. Therefore, it is –

**ORDERED** as follows:

1. The Motion is GRANTED. Any objections to the Motion that could have been raised at the hearing are deemed overruled.

2. Pursuant to 11 U.S.C § 362(b)(22), the automatic stay, including, but not limited to, 11 U.S.C § 362(a)(3), is inapplicable to Movant's post-judgment residential eviction proceedings and clearing/removal process in their entirety against the Debtor and Debtor's formerly leased property at Movant's mobile home park.

3. In addition, to the extent the automatic stay would have applied to Movant's post-judgment eviction proceedings and clearing/removal process, there is good cause to lift the automatic stay, including retroactively, to permit all postpetition post-judgment eviction proceedings and clearing/removal process, including any that occurred postpetition but prior to entry of this Order, to enable Movant to complete its post-judgment eviction proceedings and clearing/removal process in their entirety as to the Debtor and the Debtor's property at Movant's mobile home park.

4. This Order shall be effective immediately upon entry and any stay of the effectiveness provided for by the Bankruptcy Code or the Bankruptcy Rules, including Rules 4001(a)(4) and 6004(h), is hereby abrogated.

5. There is good cause to consolidate the preliminary hearing with the final hearing under section 362(e) of the Bankruptcy Code, which has resulted in the entry of this Order.

6. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

# # #

**Submitted By:**
David A. Samole
das@kttlaw.com
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL  33134
305.372.1800

[Attorney Samole is directed to serve a copy of this Order on all parties in interest.]